IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KELVIN WAYNE KATES,** | * |
| Plaintiff, | * |
| v. | *   CIVIL NO. JKB-25-0904 |
| **BP / WINDRIVER ENVIRONMENTAL,** | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM AND ORDER

Plaintiff filed suit against "BP / WindRiver Environmental." (ECF No. 4.) The entirety of Plaintiff's allegations are as follows:

> On 04/05/2024 Tim Astrom has constantly caused a violatile [sic] workplace in which I kept warning him about his behavior and endlessly persisted with it in which it was found out by myself and others in which he was threatening and cheating employees and customers. I was labeled as a whistleblower and suffered wrongful termination and violation of Civil Rights Act VII by the EEOC.

(ECF No. 4.) Defendant (which noted that its business name is Wind River Environmental, LLC) removed the case to this Court, (ECF No. 1), and filed a Motion to Dismiss (ECF No. 8). For the reasons that follow, the Motion will be granted and this case will be dismissed.

### I. Legal Standard

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 446 U.S. at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). *Pro se* plaintiffs are held to a less stringent standard than lawyers, and courts construe their pleadings liberally, no matter how inartfully pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. Analysis

To the extent that Plaintiff seeks to bring a Title VII claim, it must be dismissed. He failed to administratively exhaust his claim, as is required prior to filing suit. *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014) ("Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC."). Further, Plaintiff does not state a claim under Title VII.

In addition, to the extent Plaintiff sought to raise some other claim, the threadbare allegations in his Complaint simply do not make out any claim, state or federal. The Court is mindful that Plaintiff proceeds *pro se*, but the liberal construction afforded to *pro se* plaintiffs does not require a Court to make out claims where there are none. *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 401 (D. Md. 2016), *aff'd*, 730 F. App'x 174 (4th Cir. 2018) ("The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss."). Indeed, a *pro se* complaint must still meet the "minimum threshold of plausibility"

2

under *Twombly* and *Iqbal*. *Robb v. Md. Aviation Admin.*, Civ. No. JKB-14-1421, 2014 WL 4056030, at *3 (D. Md. Aug. 15, 2014). Plaintiff does not do so here.

Further, Plaintiff failed to address any of Defendant's arguments in his response in opposition to the Motion to Dismiss. *(See generally* ECF No. 17.) Rather, he takes issue with Defendant's removal of this case to this Court. *(Id.)* However, given that Plaintiff cites to a federal cause of action, removal to federal court was appropriate.

### III. Conclusion

For the forgoing reasons, it is ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 8) is GRANTED.

2. Plaintiff's Complaint is DISMISSED.

3. The Clerk is DIRECTED to CLOSE this case.

DATED this 6 day of June, 2025.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
United States District Judge